UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 3 2003

Michael N. Milby
Clerk of Court

DIMPLES NOVA/LINK, INC., )
)
Plaintiff, )
)
VS. )    CIVIL ACTION NO. **B-03-001** .
)
INTERNATIONAL MARKETING )
RESOURCES, INC., )
)
Defendant. )
)

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**PLEASE TAKE NOTICE** that Defendant International Marketing Resources, Inc. ("IMR") hereby removes the State Court Action described below to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.* In support of that removal, IMR, by and through its counsel, states as follows:

1.    On November 26, 2002, Dimples Nova/Link, Inc. commenced an action captioned *Dimples Nova/Link, Inc. v. International Marketing Resources, Inc.*, in the District Court of Cameron County Texas, 357th Judicial District, Cause No. 2002-11-4727-E (hereinafter the "State Court Action"). A copy of the State Court Action petition is attached hereto as Exhibit A. To the best of IMR's knowledge, no other pleadings or proceedings have occurred in the State Court Action.

2.    IMR was served with the State Court Action petition or citation by service on the Secretary of State for the State of Texas on December 4, 2002. Accordingly, this Notice of Removal is filed within thirty (30) days of IMR's receipt, through service or otherwise, of a copy of the complaint and within one year of the initial filing of the state court action.

3.      This Court has original subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332, in that the State Court Action is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.      According to the State Court Action petition, Dimples Nova/Link, Inc. is a citizen and resident of Texas.

5.      International Marketing Resources Center, Inc. is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

6.      The jurisdictional amount requirement is satisfied because the matter in controversy exceeds $75,000, exclusive of interest and costs:

a.      Although IMR denies that Plaintiff has suffered any damages or is entitled to any relief, in the State Court Action petition, Plaintiff claims to have suffered "economic damages" in the form of (1) unpaid invoices; (2) expenses resulting from the alleged breach and non-payment; (3) cost of removing IMR's product from the warehouse; and (4) loss of use of the money allegedly owed.

b.      The State Court Action Petition does not specify the exact amount of the "economic damages" Plaintiff alleges to have sustained. However, the petition states that the damages alleged as a result of "unpaid invoices" alone amount to $16,972.10.   In addition to that amount, Plaintiff claims to have suffered economic damages consisting of expenses resulting from the alleged breach and non-payment, cost of removing IMR's product from the warehouse, and loss of use of the money allegedly owed.  It is apparent from the face of the petition that the total amount of economic damages claimed by Plaintiff exceeds the jurisdictional minimum.

c.      In addition to the above economic damages, Plaintiff is seeking attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.01, *et seq.*  The amount of those fees must also be included in determining whether the amount in controversy in this action exceeds the $75,000 jurisdictional minimum.  *See Manguno v. Prudential Property and*

*Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy"); *Foret v. State Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990).

        d.      In addition to the above amounts, Plaintiff is seeking exemplary damages in an unspecified amount.

In short, it is apparent from the face of the petition that the amount in controversy is likely to exceed $75,000, exclusive of interest and costs.

        7.      Contemporaneous with the filing of this Notice of Removal, Defendant is serving written notice of the filing of this Removal on Plaintiff. A copy of the same has been filed with the Clerk of Court for the District Court of Cameron County, Texas.

        8.      Defendant hereby requests a trial by jury.

        **WHEREFORE,** Defendant International Marketing Resources, Inc. prays that the State Court Action be removed to and proceed in this Court.

Date:  January 3, 2003        RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
     Alison D. Kennamer
     Attorney-in-Charge
     State Bar No. 11280400
     Southern District Admissions No. 12023
     1201 East Van Buren
     P.O. Box 2155
     Brownsville, Texas 78522
     (956) 542-7441
     Fax (956) 541-2170

     ATTORNEYS FOR DEFENDANT,
     INTERNATIONAL MARKETING RESOURCES,
     INC.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

> Samuel S. Griffin III
> W. Michael Taylor
> Griffin & Matthews
> 1155 Dairy Ashford, Suite 300
> Houston, Texas 77079
> Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Texas Rules of Civil Procedure, on this the 3rd day of January, 2003.

Alison D. Kennamer

```
RUN DATE 01/03/03                                                              PAGE: 01
RUN TIME 10:42 AM                                                     2002-11-004727-E

       *    *    *    *    *    C L E R K ' S    E N T R I E S    *    *    *    *    *

                                                          11        26       02

                                                 00137201
                                                 HON. SAMUEL S. GRIFFIN, III
                                                 1155 DAIRY ASHFORD, SUITE 300
                                                 HOUSTON, TEXAS        77079 0000    (06)
DIMPLES NOVA/LINK, INC.
                                                                              SUIT ON SWORN ACCOUNT
           VS
                                                 00001409
INTERNATIONAL MARKETING RESOURCES, INC.          ALISON KENNAMER
                                                 P.O. BOX 2155
                                                 BROWNSVILLE TX.        78520 0000

                                                 11/26/02  ORIGINAL PETITION FILED
                                                 11/26/02  CITATION SEC. OF STATE (CM):
                                                           INTERNATIONAL MARKETING RESOURCES, IN
                                                 11/26/02     SERVED: 12/05/02    FILED: 12/05/02
                                                 01/03/03  ORIGINAL ANSWER: INTERNATIONAL
                                                           MARKETING RESOURCES, INC.
```

CAUSE NO. 2002-11-4227-E

| | | |
|---|---|---|
| DIMPLES NOVA/LINK, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | CAMERON COUNTY, TEXAS |
| V. | § | |
| | § | |
| INTERNATIONAL MARKETING | § | |
| RESOURCES, INC. | § | 357th JUDICIAL DISTRICT |

FILED ___ O'CLOCK ___
AURORA DE LA GARZA DIST CLER
NOV 26 2002
DISTRICT COURT OF CAMERON COUNTY TEX
DEPUT

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

DIMPLES NOVA/LINK, INC, Plaintiff, complain of INTERNATIONAL MARKETING RESOURCES, INC., Defendant and for cause of action shows:

### I.

### DISCOVERY PLAN

The discovery in this case shall be conducted under Discovery Control Plan Level Two (2).

### II.

### PARTIES, JURISDICTION AND VENUE

Plaintiff, DIMPLES NOVA/LINK, INC. ("DNL") is a mercantile corporation duly organized and is licensed to conduct business in the Sate of Texas. DNL also operates as a dba under the name DNL WAREHOUSE & DISTRIBUTION CENTER. DNL operates primarily as a warehouse and distribution company with its principal warehouse in Cameron County, Texas.

Defendant, INTERNATIONAL MARKETING RESOURCES CORPORATION INC ("IMR"), is a foreign company organized under the laws of the state of Minneapolis. Defendant operates as an international manufacturer and marketer of manufactured goods. Defendant, at all times material to this action, has engaged in business in Texas, as more particularly described below. The causes of action asserted arose from and/or are connected with purposeful acts committed by Defendant in Texas, including but not limited to entering into contractual agreements performable in whole or in part within Texas, as more particularly described below. Defendant's breach of these contractual agreements is the basis of Plaintiff's cause of action.

Defendant, who at all times material to this action has done business in Texas. Jurisdiction over Defendant is proper under Texas Civil Practice and Remedies Code §17.042, in that, as described more particularly below, Defendant in addition to doing other acts that constitute "doing business", has (1) entered into a contract, orally or otherwise, with a "resident" of Texas, to be performed in whole or in part in Texas; and (2) committed a tort in whole or in part in Texas. Defendant in addition to engaging in business in Texas, maintains a place of regular business or residence in Texas, and has a designated person or entity on whom service of process could be effected. Therefore, Defendant has constructively designated the Secretary of State of the State of Texas as his agent for service of process.

2

Accordingly, Defendant may be cited by serving the Secretary of State of Texas provided that the citation and petition are forwarded by registered mail, return receipt requested, to Defendant's President for service of process within the state of Minnesota, Mr. Larry Mahoney, 434 Lakeside Ave. Minneapolis, Minnesota 55405.

Defendant and Plaintiff entered into a contract that was to be performed, in whole or in part, in Cameron County, Texas. Defendant' claims and causes of action relate to or arise out of Plaintiff breach of that contract in Cameron County, Texas.

In addition to the above and foregoing, this court has jurisdiction of this lawsuit pursuant to § 24.007 of the Texas Government Code.

Venue of this cause of action is proper in Brownsville, Cameron County, Texas as all or a substantial part of the events or omissions giving rise to the claim occurred in Cameron County, Texas.

## III.

## FACTUAL BACKGROUND

In 1993, Plaintiffs and Defendant entered into a business relationship. Plaintiffs agreed to provide warehouse and distribution services. Defendant agreed to pay Plaintiffs for their services based upon Plaintiff's standard rates for the service rendered.

Defendant and Plaintiff have done business together for over 8 years. The business relation has been mutually beneficial and had developed into an excellent working relationship. Because of the nature and length of this relationship, it was not unusual to make verbal agreements or to modify existing written agreements.

3

Plaintiff made numerous demands and most recently made a formal demand by certified mail on August 28th, 2002 for immediate demand for payment of the remainder of Defendant's obligation. A true and correct copy of this demand letter is attached as Exhibit A and incorporated by reference as if fully restated herein.

Prior to this demand letter, Defendant represented that it would pay the open invoices but was experiencing cash flow problems. Defendant has for the past year and a half experienced a down turn in sales and diminishing cash flow. Upon receipt of this written demand from Plaintiff, Defendant represented that it would satisfy the remainder of its obligation once its product was removed, Plaintiff agreed so long as a certified check for the amount due was to be provided once the product was removed from Plaintiff's warehouse. Defendant never performed as promised.

About October 23, 2002, and pursuant to remedy provisions accorded in the Uniform Commercial Code and the Warehouse Receipt Act. Plaintiff provided Defendant notice that a lien had been placed upon Defendant's product by Plaintiff for non-payment and the non-performance on the promise to finalize business. Plaintiff has no knowledge of the value of Defendant's product.

Defendant did not perform in the manner it had represented it would. Specifically, Defendant did not pay the open invoices on services it had previously received in accordance with the invoices attached as Exhibit B.

4

IV.

## CAUSES OF ACTION

*Sworn Account*

Plaintiff brings this suit on a sworn account pursuant to Rule 185 of the Texas Rules of Civil Procedure. As set forth above, Plaintiff provided Defendant with the requested services on open account. The invoices attached as Exhibit B, as a transaction or series of transactions systematically kept by Plaintiff in the ordinary course of its business.

Defendant, accepted and derived a benefit from Plaintiff's provision of the requested services, thereby promising and becoming bound and obligated to pay Plaintiff its designated charges, which were agreed to and reflect reasonable and customary charges for the provision of such services.

Defendant was required to make full payment for the requested services within the terms of the invoices attached as Exhibit B. As set forth in more detail above, although Defendant accepted the requested services, Defendant has failed and refused, and continues to fail and refuse to pay the full amount due on the account. There is, after all just and lawful offsets, payments and credits have been allowed on Defendant' account, an outstanding balance of Sixteen Thousand Nine Hundred Seventy Two Dollars and 10/100, ($16,972.10) for services received.

### Breach of Contract

In the alternative, but without waiving the above and foregoing, Plaintiff states that Defendant's request for services, and Plaintiff's agreement to provide the requested services at the quoted price, and the manner in which that service would be provided, constitute an agreement entered into between Plaintiff and Defendant, the terms and conditions of which were identical in all material respects to those set out in the invoices attached as Exhibit B as well as the terms and conditions of previous requests and for services rendered.

The actions and conduct of both Plaintiff and Defendant unquestionably show acts and conduct which indicate to the common understanding and in the ordinary course of dealing of the parties, a mutual assent to contract. Plaintiff would not have provided the requested services had there not been an agreement between the parties as to the consideration to be paid for the services. Defendant history of full payments and recent partial payments to Plaintiff on account evidences their knowledge of the agreed upon price and their knowledge of and intent to be bound by the terms of the agreement. By failing to fully compensate Plaintiff for the full amount of the requested services, Defendant has openly and obviously breached the implied contractual relationship. As a result of said breach, Defendant continues to owe Plaintiff the sum of Sixteen Thousand Nine Hundred Seventy Two Dollars and 10/100, ($16,972.10) for services received.

Defendant's failure to adhere to the terms of the contract constitutes a breach of that contract. It is obvious from Defendant's continued failure to comply with its terms,

that specific performance is neither an available nor appropriate remedy. Moreover, Plaintiff had only agreed to forego its traditional legal remedies as to Defendant's failure to pay the invoices attached as Exhibit B, if and only if it had received the monies then outstanding and due. As Defendant failed to honor and comply with the conditions precedent, and materially misrepresented their ability or willingness to comply, the fraudulent inducement to return their materials and equipment, as well as the breach of the oral agreement allow Plaintiff to recover the full amount due, but unpaid under the invoice, Sixteen Thousand Nine Hundred Seventy Two Dollars and 10/100, ($16,972.10) for services received.

Pursuant to the terms and conditions of its contract, Defendant was obligated to pay invoices on a timely basis for services rendered. Defendant has failed to perform its obligations and, thus, has breached the contract. Accordingly, Defendant is liable to Plaintiff for the damages arising out of Defendant's breach of the contract. Plaintiff has made demand upon Defendant for payment of the damages caused by Defendant's breach. However, Defendant has failed and refused and continues to refuse to reimburse Plaintiff for the breach of the contract.

Defendant's acts and omissions are a breach of the contract which has caused actual damages in excess of the minimum jurisdictional limits of this Court.

7

## V.

## CONDITIONS PRECEDENT

Plaintiff has fully and in all respects performed all obligations owed to Defendant in connection with the provision of the requested services. To the extent that conditions precedent may exist, Plaintiff has complied with all such conditions precedent.

## VI.

## DAMAGES

As a direct result of the wrongful actions of Defendant, Plaintiff incurred the cost of performing these services rendered in the amount within the jurisdictional limits of the court. Plaintiff has and will incur other expenses as a result of Defendant's breach such as the final removal of Defendant's product from the warehouse.

Moreover, Plaintiff has suffered damage in that Defendant has had use of the money owed to Plaintiff since the date the money was due. Plaintiff is therefore entitled to interest on the entire sum at the maximum rate prescribed by law from the due date of each invoice through the date judgment is rendered.

## VII.

## ATTORNEY'S FEES

Defendants have made numerous demands for payment, including providing proper notice of their intent to file a claim. However, Plaintiff has failed and continued to fail to tender the demanded payment. As a result of Plaintiff's conduct, Defendants were forced to employ the services of the undersigned law firm. Defendants are therefore entitled to recover an additional sum as compensation for the legal services provided in

8

connection with the preparation and prosecution of this action pursuant to Tex. Civ. Prac. & Rem.Code § 38.001.

## VIII.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff has the following:

1.    Judgment for economic damages in the amount within the jurisdictional limits of this Court;

2.    Prejudgment interest as allowed by law;

3.    Reasonable and necessary attorney's fees;

4.    Post judgment interest as allowed by law;

5.    Costs of suit; and

6.    Such other and further relief to which Plaintiff may be justly entitled.

7.    Exemplary damages in an amount to be determined by the trier of fact;

Respectfully submitted,

GRIFFIN & MATTHEWS

By: _____
SAMUEL S. GRIFFIN, III
State Bar No. 08473800
W. MICHAEL TAYLOR
State Bar. No 00789675
1155 Dairy Ashford, Suite 300
Houston, Texas 77079
(281) 870-1124
(281) 870-1647 (facsimile)

ATTORNEYS FOR PLAINTIFF

9

# DNL WAREHOUSE & DISTRIBUTION CENTER

2100 LES MAULDIN BLVD. BROWNSVILLE, TEXAS 78521    (956) 542-4138  (956) 544-2139 FAX

November 13, 2002

**\*\* VIA FACSIMILE \*\***

Mr. Jack Spillene
International Marketing Resources, Inc.
434 Lakeside Ave.
Minneapolis, MN 55405

Dear Sir;

SUBJECT:    *Demand for Resolution and Payment.*

On August 28, 2002 a certified letter was sent to your company explaining IMR was in default and that if payment was not received or the problem was not resolved within 10 days, DNL would seek what ever means necessary to recover the monies owed for services rendered to IMR.  When you telephoned me, you indicated your interest in understanding the situation between IMR and DNL.  Jack, I appreciated the interest and overture.  Let me be clear with you, DNL is interested in being paid.  DNL is not interested in IMR's goods.  DNL is interested in having these goods removed from our warehouse as these goods are taking up valuable space that is being requested by other customers.  I would like these goods removed from DNL's warehouse ASAP.  Obviously, we will require that you pay all open invoices prior to me authorizing DNL to release this inventory to IMR

DNL has attempted in good faith to give you time to resolve this important matter.  It is now another month and I am interested in having this concluded, one way or another.  The open invoices are scheduled below.

| Number | Date | Amount |
|--------|------|--------|
| 6223 | 3/29/02 | $2,284.77 |
| 6252 | 4/30/02 | $2,894.99 |
| 6281 | 5/31/02 | $2,456.84 |
| 6301 | 6/28/02 | $1,868.34 |
| 6330 | 7/31/02 | $1,868.34 |
| 6366 | 8/31/02 | $1,866.34 |
| 6382 | 9/30/02 | $1,866.24 |
| 6420 | 10/31/02 | $1,866.24 |
| **Total Amount Due** | | **$16,972.10** |

I have attached a copy of the suit that will be filed Monday November 18th 2002.  If you would be interested in making a proposal prior to Monday, I will consider your offer.  Again, thank you for your telephone call, but it is now time to conclude this important matter one way or another.

Sincerely,

DNL Warehouse & Distribution Center

*James T. Griffin*

Mr. James Griffin, its President

Cc: File 02D0701

# DNL WAREHOUSE & DISTRIBUTION CENTER

2100 LES MAULDIN BLVD. BROWNSVILLE, TEXAS 78521    (956) 542-4138  (956) 544-2139 FAX

August 28, 2002

** VIA FACSIMILE **
Original by Certified Mail

Mr. Larry Mahoney
International Marketing Resources, Inc.
434 Lakeside Ave.
Minneapolis, MN 55405

Dear Sir;

SUBJECT:    _Demand for Payment._

You are in default of the invoice terms and have not communicated any willingness to pay the invoices. This letter is a 'Formal Demand' for payment of all due amounts. Please be advised that, unless we receive payment in full of our invoice in this office within 10 days of the date of this letter, we will institute collection proceedings without further notice to you.

| Number | Date | Amount |
|--------|---------|-----------|
| 6223 | 3/29/02 | $2,284.77 |
| 6252 | 4/30/02 | $2,894.99 |
| 6281 | 5/31/02 | $2,456.84 |
| 6301 | 6/28/02 | $1,868.34 |
| 6330 | 7/31/02 | $1,868.34 |
| **Total Amount Due** | | **$11,373.28** |

This letter will form part of our case against you. You now have TEN DAYS from the date of this letter in which to send full payment to avoid this serious action. After the ten days, you will have to pay all recovery costs, even if you decide to settle in full. I have enclosed the suit I intend to file at the end of the ten days if full payment is not made or you do not contact our office to work-out payment terms, if necessary.

Govern yourselves accordingly.

Sincerely,

DNL Warehouse & Distribution Center

_James T Griffin_
Mr. James Griffin, its President

Attachments

Cc.  File 02D0701

11/13/02 at 12:19:30.40

Page: 1

DIMPLES NOVA/LINK, INC
Aged Receivables
As of Nov 12, 2002
Filter Criteria includes 1) IDs from IMR to IMR. Report order is by ID. Report is printed in Detail Format.

| Customer ID<br>Customer<br>Contact<br>Telephone 1 | Invoice No | 0 - 30 | 31 - 60 | 61 - 90 | Over 90 days | Amount Due | Date |
|---|---|---|---|---|---|---|---|
| IMR | 6223 | | | | 2,284.77 | 2,284.77 | 3/29/02 |
| IMR, Inc | 6252 | | | | 2,894.99 | 2,894.99 | 4/30/02 |
| Larry Mahoney | 6281 | | | | 2,456.84 | 2,456.84 | 5/31/02 |
| 1-612-672-0025x623 | 6301 | | | | 1,868.34 | 1,868.34 | 6/28/02 |
| | 6330 | | | | 1,868.34 | 1,868.34 | 7/31/02 |
| | 6366 | | | 1,866.24 | | 1,866.24 | 8/31/02 |
| | 6382 | | 1,866.24 | | | 1,866.24 | 9/30/02 |
| | 6420 | 1,866.24 | | | | 1,866.24 | 10/31/02 |
| IMR<br>IMR, Inc | | 1,866.24 | 1,866.24 | 1,866.24 | 11,373.28 | 16,972.00 | |
| Report Total | | 1,866.24 | 1,866.24 | 1,866.24 | 11,373.28 | 16,972.00 | |

# Invoice

**DIMPLES NOVA/LINK, INC**
2100 Les Mauldin
Brownsville, TX 78521

Invoice Number:
6223

Voice: (956) 542-4138
Fax: (956) 544-2139

Invoice Date:
Mar 29, 2002

Page:
1

Sold To:
IMR, Inc
434 Lakeside Ave
Minneapolis, MN 55405

Customer ID: IMR

| Customer PO | Payment Terms | Due Date | Sales Rep ID |
|---|---|---|---|
| | Net Due . | 3/29/02 | |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 163.00 | 101 | Shipping - Pallets | 3.50 | 570.50 |
| 738.00 | 102 | Shipping - Cartons | 1.05 | 774.90 |
| 4.00 | 103 | Shipping - Pieces | 0.70 | 2.80 |
| 162.00 | 201 | Receiving - Pallets | 3.50 | 567.00 |
| 1,275.00 | 202 | Receiving - Cartons | 1.05 | 1,338.75 |
| 3.00 | 203 | Receiving - Pieces | 0.70 | 2.10 |
| 14,472.00 | 301 | Storage cost per Ct. Ft. | 0.14 | 1,953.72 |
| 3.00 | 406 | Other - Paper Work Only | 25.00 | 75.00 |

| | |
|---|---|
| Subtotal | 5,284.77 |
| Sales Tax | |
| Total Invoice Amount | 5,284.77 |
| Payment Received | 3,000.00 |
| TOTAL | 2,284.77 |

Check No: Multiple Payments Received

# Invoice

*DIMPLES NOVA/LINK, INC*
*600 Elca Lane, Suite A*
*Brownsville, TX  78521*

Invoice Number:
6252

Invoice Date:
Apr 30, 2002

Page:
1

*Voice:  (956) 542-4138*
*Fax:    (956) 544-2139*

Sold To:
IMR, Inc
434 Lakeside Ave
Minneapolis, MN  55405

Customer ID:   IMR

| Customer PO | Payment Terms | Due Date | Sales Rep ID |
|---|---|---|---|
| APR2002 | Net Due | 4/30/02 | |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 48.00 | 101 | Shipping - Pallets | 3 50 | 168.00 |
| 491.00 | 102 | Shipping - Cartons | 1.05 | 515.55 |
| 3.00 | 103 | Shipping - Pieces | 0.70 | 2.10 |
| 34.00 | 201 | Receiving - Pallets | 3.50 | 119.00 |
| 142.00 | 202 | Receiving - Cartons | 1.05 | 149.10 |
| 3.00 | 406 | Other - Paper Work Only | 25.00 | 75.00 |
| 13,824.00 | 301 | Storage cost per Cu. Ft. | 0.14 | 1,866.24 |

|  |  |
|---|---|
| Subtotal | 2,894.99 |
| Sales Tax | |
| Total Invoice Amount | 2,894.99 |
| Payment Received | |

Check No:

TOTAL   2,894.99

# Invoice

**DIMPLES NOVA/LINK, INC**
600 Elca Lane, Suite A
Brownsville, TX 78521

Invoice Number:
6281

Invoice Date:
May 31, 2002

Page:
1

Voice:   (956) 542-4138
Fax:     (956) 544-2139

Sold To:
IMR, Inc
434 Lakeside Ave
Minneapolis, MN  55405

Customer ID:   IMR

| Customer PO | Payment Terms | Due Date | Sales Rep ID |
|---|---|---|---|
| MAY2002 | Net Due | 5/31/02 | |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 29.00 | 101 | Shipping - Pallets | 3.50 | 101.50 |
| 412.00 | 102 | Shipping - Cartons | 1.05 | 432.60 |
| 9.00 | 201 | Receiving - Pallets | 3.50 | 31.50 |
| 13,824.00 | 301 | Storage cost per Cu. Ft. | 0.14 | 1,866.24 |
| 1.00 | 406 | Other - Paper Work Only | 25.00 | 25.00 |

| | |
|---|---|
| Subtotal | 2,456.84 |
| Sales Tax | |
| Total Invoice Amount | 2,456.84 |
| Payment Received | |
| **TOTAL** | 2,456.84 |

Check No:

# Invoice

**DIMPLES NOVA/LINK, INC**
2100 Les Mauldin
Brownsville, TX  78521

Invoice Number:
6301

Invoice Date:
Jun 28, 2002

Page:
1

Voice:  (956) 542-4138
Fax:    (956) 544-2139

Sold To:
IMR, Inc
434 Lakeside Ave
Minneapolis, MN  55405

Customer ID:  IMR

| Customer PO | Payment Terms | Due Date | Sales Rep ID |
|---|---|---|---|
| JUNE2002 | Net Due | 6/28/02 | |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 2.00 | 202 | Receiving - Cartons | 1.05 | 2.10 |
| 13,824.00 | 301 | Storage cost per Cu. Ft. | 0.14 | 1,866.24 |

| | |
|---|---|
| Subtotal | 1,868.34 |
| Sales Tax | |
| Total Invoice Amount | 1,868.34 |
| Payment Received | |
| TOTAL | 1,868.34 |

Check No:

# Invoice

**DIMPLES NOVA/LINK, INC**
2100 Les Mauldin
Brownsville, TX  78521

Invoice Number:
6330

Invoice Date:
Jul 31, 2002

Voice:     (956) 542-4138
Fax:       (956) 544-2139

Page:
1

Sold To:
IMR/, Inc
434 Lakeside Ave
Minneapolis, MN  55405

Customer ID:    IMR

| Customer PO | Payment Terms | Due Date | Sales Rep ID |
|---|---|---|---|
| JUL2002 | Net Due | 7/31/02 | |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 2.00 | 102 | Shipping - Cartons | 1.05 | 2.10 |
| 13,824.00 | 301 | Storage cost per Cu. Ft. | 0.14 | 1,866.24 |

|  |  |
|---|---|
| Subtotal | 1,868.34 |
| Sales Tax | |
| Total Invoice Amount | 1,868.34 |
| Payment Received | |
| TOTAL | 1,868.34 |

Check No:

# Invoice

**DIMPLES NOVA/LINK, INC**
2100 Les Mauldin
Brownsville, TX 78521

Voice:  (956) 542-4138
Fax:    (956) 544-2139

Invoice Number:
6366

Invoice Date:
Aug 31, 2002

Page:
1

Sold To:
    IMR, Inc
    434 Lakeside Ave
    Minneapolis, MN  55405

Customer ID:   IMR

| Customer PO | Payment Terms | Due Date | Sales Rep ID |
|-------------|---------------|----------|--------------|
| AUG2002 | Net Due | 8/31/02 | |

| Quantity | Item | Description | Unit Price | Extension |
|----------|------|-------------|------------|-----------|
| 13,824.00 | 301 | Storage cost per Cu. Ft. | 0.14 | 1,866.24 |

| | |
|---|---|
| Subtotal | 1,866.24 |
| Sales Tax | |
| Total Invoice Amount | 1,866.24 |
| Payment Received | |
| TOTAL | 1,866.24 |

Check No:

# Invoice

**DIMPLES NOVA/LINK, INC**
2100 Les Mauldin
Brownsville, TX  78521

Invoice Number:
6382

Invoice Date:
Sep 30, 2002

Page:
1

Voice:    (956) 542-4138
Fax:      (956) 544-2139

Sold To:
    IMR, Inc
    434 Lakeside Ave
    Minneapolis, MN  55405

Customer ID:    IMR

| Customer PO | Payment Terms | Due Date | Sales Rep ID |
|---|---|---|---|
| SPT2002 | Net Due | 9/30/02 | |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 13,824.00 | 301 | Storage cost per Cu. Ft. | 0.14 | 1,866.24 |

| | | |
|---|---|---|
| Subtotal | | 1,866.24 |
| Sales Tax | | |
| Total Invoice Amount | | 1,866.24 |
| Payment Received | | |
| TOTAL | | 1,866.24 |

Check No:

# Invoice

**DIMPLES NOVA/LINK, INC**
2100 Les Mauldin
Brownsville, TX  78521

Invoice Number:
6420

Voice:    (956) 542-4138
Fax:      (956) 544-2139

Invoice Date:
Oct 31, 2002

Page:
1

Sold To:
IMR, Inc
434 Lakeside Ave
Minneapolis, MN  55405

Customer ID:    IMR

| Customer PO | Payment Terms | Due Date | Sales Rep ID |
|---|---|---|---|
| OCT2002 | Net Due | 10/31/02 | |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 13,824.00 | 301 | Storage cost per Cu. Ft. | 0.14 | 1,866.24 |

| | | |
|---|---|---|
| Subtotal | | 1,866.24 |
| Sales Tax | | |
| Total Invoice Amount | | 1,866.24 |
| Payment Received | | |
| TOTAL | | 1,866.24 |

Check No:

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2002-11-004727-E                          **COPY**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: INTERNATIONAL MARKETING RESOURCES, INC.
MR. LARRY MAHONEY
434 LAKESIDE AVE.
MINNEAPOLIS, MINNESOTA 55405
the      DEFENDANT      , BY SERVING IN DUPLICATE COPIES TO THE
SECRETARY OF STATE (STATUTORY DOCUMENTS)
P. O. BOX 12079 AUSTIN, TX 78711-2079                        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20

days after the date of service of this citation before the Honorable District

Court 357th Judicial District of Cameron County, Texas at the Courthouse of said

county in Brownsville, Texas. Said _____ PETITION _____ was filed on

NOVEMBER 26, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004727-E.

The style of the case is:

RECEIVED
SECRETARY OF STATE
DEC 0 4 2002
9:30 AM
CITATIONS UNIT

DIMPLES NOVA/LINK, INC.
VS.
INTERNATIONAL MARKETING RESOURCES, INC.

Said petition was filed in said court by _____ HON. SAMUEL S. GRIFFIN, III

(Attorney for _____ PLAINTIFF _____), whose address is

1155 DAIRY ASHFORD, SUITE 300  HOUSTON, TEXAS  77079            .

The nature of the demand is fully shown by a true and correct copy of the

Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to

requirements of law, and the mandates thereof, and make due return as the law

directs.

Issued and given under my hand and seal of said Court at Brownsville,

Texas, this the 26th day of NOVEMBER , A.D. 2002

AURORA DE LA GARZA     , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas  78521
By_____ , Deputy

071037

CERT.CATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | I hereby certify that on the 26th of |

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

I hereby certify that on the 26th of

NOVEMBER  2002, I mailed to

INTERNATIONAL MARKETING RESOURCES, INC.

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.    61456641

RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA    , District Clerk
Cameron County, Texas

By: _____ , Deputy

FILED __:__ O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK

JAN 0 3 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 2002-22-4727-E

| | | |
|---|---|---|
| DIMPLES NOVA/LINK, INC. | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| INTERNATIONAL MARKETING | * | |
| RESOURCES, INC. | * | 357th JUDICIAL DISTRICT |

### DEFENDANT INTERNATIONAL MARKETING RESOURCES, INC.'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW INTERNATIONAL MARKETING RESOURCES, INC., Defendant in the above entitled and numbered cause, and files this its Original Answer and Jury Demand in response to Plaintiff's Original Petition, and in support thereof, would show the Court as follows:

I.

### GENERAL DENIAL

Defendant herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and states that these are matters that should be proven by Plaintiff as required by law; and Defendant would require strict proof thereof.

II.

### SPECIFIC DENIAL

Defendant specifically states that each item of Plaintiff's sworn account is not just or true.

III.

AFFIRMATIVE DEFENSES

3.01    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because the amount of the account on which Plaintiff sues is incorrect.

3.02    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff has not allowed Defendant all lawful payments, credits, and offsets.

3.03    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of the alleged damages as required by law.

3.04    For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiff.

3.05    For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically pleads the limitation of recovery of exemplary damages as set forth in Section 41.008, et seq. of the Texas Civil Practice & Remedies Code.

3.06    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

3.07   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

3.08   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)   Proscription on excessive fines. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)   Requirements of Due Process. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)   Requirement of Equal Protection Under the Law. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)   Proscription on Ex Post Facto and Retroactive Law. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)   Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

IV.

JURY DEMAND

Defendant hereby requests a trial by jury and tenders the jury fee herewith.

WHEREFORE, Defendant International Marketing Resources, Inc. prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Alison D. Kennamer
State Bar No. 11280400
Jaime A. Saenz
State Bar No. 17514859
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
INTERNATIONAL MARKETING RESOURCES,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant International Marketing Resources, Inc.'s Original Answer and Jury Demand was served upon all counsel of record, to-wit:

>Samuel S. Griffin III
>W. Michael Taylor
>Griffin & Matthews
>1155 Dairy Ashford, Suite 300
>Houston, Texas 77079
>Attorneys for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the 3rd day of January, 2003.

_____
Alison D. Kennamer

## VERIFICATION

STATE OF MINNESOTA

COUNTY OF _____

On this day Jack Spillane, President of International Marketing Resources, Inc.,

personally appeared before me, the undersigned notary public, and after I administered an oath to

him, upon his oath, he said that he has read Defendant International Marketing Resources, Inc.'s

Original Answer and Jury Demand the factual allegations are within his personal knowledge and

are true and correct.

_____
JACK SPILLANE, President
International Marketing Resources, Inc.

SWORN TO AND SUBSCRIBED BEFORE ME, on this the _2nd_ day of January 2,
2003, to certify which witness my hand and seal of authority.



BETHANIE P. HOWARD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan 31, 2005

_____
Notary Public in and for the State of Minnesota

*DEFENDANT'S ORIGINAL ANSWER, JURY DEMAND, AND COUNTERCLAIM*                    *PAGE 1*

CAUSE NO. 2002-22-4727-E

| | | |
|---|---|---|
| DIMPLES NOVA/LINK, INC. | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| INTERNATIONAL  MARKETING | * | |
| RESOURCES, INC. | * | 357th JUDICIAL DISTRICT |

## NOTICE TO THE DISTRICT CLERK
## OF FILING OF NOTICE OF REMOVAL

TO:    HONORABLE AURORA DE LA GARZA
       Cameron County District Clerk
       Cameron County Courthouse
       974 East Harrison
       Brownsville, Texas 78520

You will please take notice that Defendant International Marketing Resources, Inc. has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled: Dimples Nova/Link, Inc. v. International Marketing Resources, Inc., originally filed in the 357th Judicial District Court of Cameron County, Texas, Cause Number 2002-11-4727-E, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 357th Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded.  A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendant, through its attorney, on this the 3rd day of January, 2003.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
    Alison D. Kennamer
Attorney-in-Charge
State Bar No. 11280400
Southern District Admissions No. 12023
    Jaime A. Saenz
State Bar No. 17514859
Southern District Admissions No. 7630
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
INTERNATIONAL MARKETING RESOURCES,
INC.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of Notice to District Clerk of Filing of Notice of Removal was served upon all counsel of record, to-wit:

        Samuel S. Griffin III
        W. Michael Taylor
        Griffin & Matthews
        1155 Dairy Ashford, Suite 300
        Houston, Texas 77079
        Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Texas Rules of Civil Procedure, on this the 3rd day of January, 2003.

_____
Alison D. Kennamer

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIMPLES NOVA/LINK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. **B-03-001** |
| VS. | ) | |
| | ) | |
| INTERNATIONAL MARKETING | ) | |
| RESOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INDEX OF DOCUMENTS FILED

1.  Civil Cover Sheet

2.  Notice of Removal with following attachments:

    a.  State Court's Docket Sheet
    b.  Plaintiff's Original Petition
    c.  Citation served on Defendant
    d.  Defendant International Marketing Resources, Inc.'s Original Answer and Jury Demand

3.  Notice to District Clerk of Filing of Notice of Removal

4.  Index of Attorneys

5.  Index of Documents Filed

6.  Order for Conference and Disclosure of Interested Parties

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIMPLES NOVA/LINK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | **B-03-001** |
| | ) | |
| VS. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| INTERNATIONAL MARKETING | ) | |
| RESOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>INDEX OF ATTORNEYS</u>

1.  Samuel S. Griffin, III
    State Bar No. 08473800
    Federal Admissions No. Unknown
    W. Michael Taylor
    State Bar No. 00789675
    Federal Admissions No. Unknown
    Griffin & Matthews
    115 Dairy Ashford, Suite 300
    Houston, Texas 77079
    (281) 870-1124
    Fax (281) 870-1647
    Attorneys for Plaintiff Dimples Nova/Link, Inc.

2.  Alison D. Kennamer
    State Bar No. 11280400
    Federal Admissions No. 12023
    Jaime A. Saenz
    State Bar No. 17514859
    Federal Admissions No. 7630
    Rodriguez, Colvin & Chaney, L.L.P.
    Post Office Box 2155
    Brownsville, Texas 78522
    (956) 542-7441
    Fax (956) 541-2170
    Attorneys for Defendant International Marketing Resources, Inc.