United States District Court
Southern District of Texas
FILED

JAN 3 1 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIMPLES NOVA/LINK, INC. | § § | |
| V. | § § | CIVIL ACTION NO. B-03-001 |
| INTERNATIONAL MARKETING RESOURCES, INC. | § § § | |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DIMPLES NOVA/LINK, INC, Plaintiff in the above entitled and numbered cause, and files this Memorandum of Law in Support of its Motion to Remand under 28 U.S.C. §1447(c).

## I.
## INTRODUCTION

1. Plaintiff is DIMPLES NOVA/LINK, INC., a Texas corporation, with its principal place of business in Brownsville, Cameron County, Texas, ("DNL"). Defendant is INTERNATIONAL MARKETING RESOURCES, INC. ("IMR"), a foreign company organized under the laws of the state of Minnesota.

2. On November 26, 2002, DNL filed its Original Petition for sworn account and breach of contract in the district court of Cameron County, Texas.

3. IMR filed its Notice of Removal on January 3, 2002. The Notice of Removal states that this Court has subject matter jurisdiction based on diversity of citizenship. IMR alleges that this action involves and amount in controversy greater than $75,000.00.

## II.
## ARGUMENT AND AUTHORITIES

4.  Pursuant to 28 U.S.C. §1447(c), the court may remand a case on the basis of any defect identified in a motion for remand made within thirty (30) days after the filing of the notice of removal under 28 U.S.C. §1446(a).

5.  In addressing issues of removal, the party removing the case has the burden to establish facts that show the existence of federal subject matter jurisdiction. *Estate of Martineau v. ARCO Chemical Company*, 203 F.3d 904, 910 (5th Cir.2000). The removal statutes are to be strictly construed. *Brown v. Francis*, 75 F.3d 860, 865 (3rd Cir. 1996). Any doubts about the propriety of removal are to be construed against removal and in favor of remanding the case back to state court. *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp 748, 750 (N.D.Tex.1992).

6.  In its Notice of Removal, IMR states that removal is proper in accordance with 28 U.S.C. §1332(a), on the basis that (a) IMR and DNL are citizens of different states, and (b) "the amount at issue exceeds $75,000.00." However, DNL's state court petition is based on a sworn account in the amount of Sixteen Thousand Nine Hundred Seventy Two Dollars and 10/100, ($16,972.10). Although the Petition requests other damages and attorney's fees, these amounts do not exceed $75,000.00 at this time.

7.  In such circumstances, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Allen v. R & H Oil & Gas Company*, 63 F.3rd 1326, 1335 (5th Cir.1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993). The amount in controversy is to be determined at the time the

complaint, i.e. DNL's state court petition, is initially filed. *Suber v. Chrysler Corporation*, 104 F.3rd 578, 587 (3d Cir. 1997). IMR has presented no evidence establishing the existence of the amount in controversy required to support diversity jurisdiction.

8. Considering the above and foregoing, it is apparent that IMR has failed to adequately establish an amount in controversy in excess of $75,000.00, and accordingly the Court should remand this case back to state court.

### III.
### ATTORNEYS FEES

9. As authorized by 28 U.S.C. §1447(c), DNL requests this Court to require IMR to pay costs, expenses, and attorneys fees incurred as a result of the removal of this case, and the requested remand. An award of this sort may include those fees and costs associated with opposing the removal, seeking a remand, as well as any other expenses incurred because of the removal, *Avitts v. Amoco Production Company*, 111 F.3rd 30, 32 (5th Cir.1997), and may be awarded regardless of whether or not the removal was made in bad faith or for an improper purpose. *Garbie v. Daimler-Chrysler Corporation*, 211 F.3rd 407, 410 (7th Cir. 2000).

### III.
### CONCLUSION

10. As set forth in greater detail above, IMR has failed to meet the requirements necessary to establish diversity jurisdiction and support removal. Specifically, IMR has not presented any evidence that indicates the amount in controversy governing this dispute exceeds $75,000.00. For these reasons, DNL asks this Court to grant the Motion

to Remand, remand this suit to the state court where it was originally filed, and award DNL its court costs, expenses and attorney fees.

Respectfully submitted,

GRIFFIN & MATTHEWS

BY: _____
SAMUEL S. GRIFFIN, III
Texas Bar No. 08473800
1155 Dairy Ashford, Suite 300
Houston, Texas 77079
(281) 870-1124 - telephone
(281) 870-1647 - fax

ATTORNEY-IN-CHARGE

OF COUNSEL:

W. MICHAEL TAYLOR
Texas Bar No. 00789675
GRIFFIN & MATTHEWS
1155 Dairy Ashford, Suite 300
Houston, Texas 77079
(281) 870-1124
(281) 870-1647 (Fax)

ATTORNEYS FOR PLAINTIFFS

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following counsel of record, via certified mail, return receipt requested, on January 30, 2003:

Ms. Alison D. Kennamer
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, TX 78520

_____
W. MICHAEL TAYLOR