UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 9 2003

Michael N. Milby
Clerk of Court

DIMPLES NOVA/LINK, INC., )
                          )
            Plaintiff, · )
                          )
VS.                       )     **CIVIL ACTION NO.** B-03-001
                          )
INTERNATIONAL MARKETING   )
RESOURCES, INC.,          )
                          )
            Defendant.    )
                          )

## INTERNATIONAL MARKETING RESOURCES, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, INTERNATIONAL MARKETING RESOURCES, INC., ("IMR"), Defendant herein, and files this Response to Plaintiff's Motion to Remand:

**I.**

This case was removed on the basis of diversity jurisdiction. Plaintiff's Motion to Remand disputes whether or not the case meets the amount in controversy jurisdictional requirement, stating that "IMR has not presented any evidence that indicates the amount in controversy governing this disputes exceeds $75,000.00." IMR believes that the existence of the $14,000,00 in alleged substantive damages, plus the statutory attorney's fees allegedly being sought are enough for the Court to recognize that there is excess of $75,000.00 in potential attorney's fees as a matter of law in this case.

**II.**

It is a longstanding axiom in the Fifth Circuit and elsewhere than when attorney's fees are potentially recoverable under statute as part of a party's damages in

the case, the attorney's fees are taken as part of the damages for purposes of calculating the amount in controversy. Cupples Company Manufacturers v. Farmers & Merchants State Bank, 390 F.2d 184 (5th Cir. 1968). In addition, caselaw from the Fifth Circuit and elsewhere makes clear that reasonable and anticipated attorney's that are likely to be incurred – not just those incurred to date – are to be estimated for purposes of determining the amount in controversy.

### III.

The Fifth Circuit has made clear that once the defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the plaintiff must show that "it is legally certain that his recovery will not exceed the amount stated in the state complaint" in order to defeat jurisdiction. In re Norplant Contraceptive Products, 918 F. Supp. 178 (E.D.Tex. 1996). The Norplant case, in which the court found that pleadings alleging only "' excruciating pain," "significant health risks," "grievous injuries" … [and] a "plethora of other damages" 918 F.Supp. at 178, was sufficient to establish an amount in controversy of over $50,000.00 (the requirement at that time).

### IV.

Similarly here, the Court can conclude that a claim for statutory attorney's fees in a case involving substantially disputed warehouse fees, as can be seen by the parties' pleadings, is likely to reach a level in excess of $61,000.00 by the time of trial ($75,000.00 minus the $14,000.00 of substantive damages already in controversy). Actual damages and attorney's fees together must both be examined to determine the amount in controversy. IMR notes that the amount of attorney's fees "in controversy"

need not be what is ultimately determined to be reasonable amount, but should merely be the amount that it is projected Plaintiff will seek as its statutory damages. See, Plus System, Inc. v. New England Network, Inc. 804 F.Supp. 111 (D.Colo. 1992).

## V.

IMR should not be penalized by Plaintiff's failure to plead with further specificity, just at the Norplant defendants were not. Unless Plaintiff would enter into a binding stipulation that it would never seek so much in attorney's fees, which would make it legally impossible for Plaintiff to recover in excess of $75,000.00, this Court should find that the requisite amount in controversy has been established, and should keep jurisdiction over this case.

WHEREFORE, PREMISES CONSIDERED, International Marketing Resources, Inc. requests that the Court deny Plaintiff's Motion to Remand and grant to it, such other and further relief, at law or in equity, as it may be entitled to receive.

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Alison D. Kennamer
Attorney-in-Charge
State Bar No. 14280400
Southern District Admissions No. 12023
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
INTERNATIONAL MARKETING
RESOURCES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

> Samuel S. Griffin III
> W. Michael Taylor
> Griffin & Matthews
> 1155 Dairy Ashford, Suite 300
> Houston, Texas 77079
> Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Texas Rules of Civil Procedure, on this the 21st day of January, 2003.

_____
Alison D. Kennamer